73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SEAGATE TECHNOLOGY, INC., Plaintiff-Appellee,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant-Appellant.
 No. 94-16144.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1995.
Decided Dec. 22, 1995.
 
 MEMORANDUM*
 Before: BROWNING, CANBY and HALL, Circuit Judges.
 
 
 1
 Under California law, when component parts incorporated into larger products like Seagate's disc drives are found to be defective, an "accident" has occurred for insurance purposes. See Hogan v. Midland National Ins. Co., 91 Cal.Rptr. 153 (Cal.1970) (in bank); Geddes & Smith, Inc. v. St. Paul-Mercury Indem. Co., 334 P.2d 881 (Cal.1959); Economy Lumber Co. v. Insurance Co. of Northern America, 204 Cal.Rptr. 135 (Cal.Ct.App.1984).
 
 
 2
 A duty to defend exists when the underlying suit potentially seeks damages within the coverage of the policy. La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co., 36 Cal.Rptr.2d 100, 105 (Cal.1994). Seagate alleges three potential forms of property damage sought by PCPC: 1) destruction and loss of use of PCPC customers' data, 2) loss of use of PCPC customers' computers, and 3) loss of use of PCPC's inventory.
 
 
 3
 When Seagate tendered the defense to St. Paul, the possibility PCPC might seek to recover property losses suffered by PCPC customers was too attenuated to create a duty to defend. See Hurley Const. v. State Farm, 12 Cal.Rptr.2d 629, 631 (Cal.Ct.App.1992) ("[T]he insured may not speculate about unpled third party claims to manufacture coverage."). Any claim by PCPC for property damage suffered by its customers would be based on indemnification or contribution, and hence derivative. The PCPC complaint could not have been amended to allege such losses unless customers first made claims against PCPC, and none did so. Accordingly, there were no grounds for St. Paul to believe that a covered claim for property damage to PCPC customers had accrued at the time of tender. See Smith v. Parks Manor, 243 Cal.Rptr. 256, 260 (Cal.Ct.App.1987) ("Where the claim is one for indemnification or contribution, it accrues when the indemnitee or party seeking contribution suffers a loss through payment of a judgment debt (or settlement) or through payment of more than his fair share of damages."). The mere fact that property damage to PCPC customers had occurred is insufficient to show PCPC potentially sought recovery for that damage. Nor does PCPC's voluntary provision of additional services to its customers render PCPC's claim potentially one for indemnity or contribution.
 
 
 4
 The impaired property exclusion precluded any duty to defend premised on loss of use of PCPC's inventory. It is clear on the face of the exclusion that all loss of use damages unrelated to physical damage and caused by Seagate's faulty products were excluded. The loss of use of inventory did not involve physical damage, and it was caused by Seagate's faulty product or failure to fulfill the terms of its contract with PCPC. Seagate does not allege sudden and accidental physical damage to its disc drives, and therefore cannot invoke the exception to the exclusion. Seagate's drives were simply defective. The example does not render the exception ambiguous; it describes sudden and accidental physical damage to the insured's product when the hypothetical insured's motor shaft breaks--Seagate makes no similar allegation.
 
 
 5
 Although a duty to defend can arise out of the insured's reasonable expectation of coverage if the policy is ambiguous, La Jolla, 36 Cal.Rptr.2d at 105, 108, this policy is not ambiguous. Moreover, Seagate could not base a reasonable expectation of coverage on St. Paul's decision to defend the Briscoe claim under a reservation of rights; the appropriate factual predicate needed to give rise to a potential claim for property damage was present in the Briscoe claim. A complaint had been filed by the customer, Briscoe, against the vendor, Compu Prose, Inc. Compu Prose then brought a third-party complaint against Seagate expressly seeking indemnification and contribution.
 
 
 6
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3